UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:15-MC-0004-GNS

SECURITIES AND EXCHANGE COMMISSION                                    PLAINTIFF

v.

ANNA CRAVEN                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Order Authorizing Service on Individual Defendants in a Foreign Country by E-Mail pursuant to Fed. R. Civ. P. 4(f)(3) (DN 3). For the reasons outlined below, the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff Securities and Exchange Commission ("SEC") has obtained a judgment in the U.S. District Court for the Southern District of New York in the amount of $5,337,447.56, together with a $4,868,139.00 civil penalty, against Defendant Anna Craven ("Craven"). (Pl.'s Mem. in Supp. of Mot. for Order Authorizing Service on Individual Defendants in a Foreign Country by E-Mail 1, DN 3-1 [hereinafter Pl.'s Mem. in Supp. of Mot.]). Craven and her husband own real property within this district. (Pl.'s Mem. in Supp. of Mot. 1). Craven resides in Switzerland, which is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. (Pl.'s Mem. in Supp. of Mot. 2). On October 5, 2015, the SEC filed this motion seeking "an order allowing service of notice of the judgment liens the Commission seeks to file

on the Defendant Anna Craven, a resident of Switzerland, by e-mail."[1] (Pl.'s Mem. in Supp. of Motion 1).

## II. DISCUSSION

The execution of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Kentucky law provides that for service of an execution against property found within the state, the "creditor or his counsel shall send to the last known address of the judgment debtor or the judgment debtor's attorney of record, by regular first class mail . . . or shall deliver to the debtor personally, a copy of the notice of judgment lien." KRS 426.720(1)(c).

Pursuant to Article 10 of the Hague Convention, Switzerland has objected to the SEC's service of legal documents by mail, which prohibits the SEC from serving Craven via regular mail. (Pl.'s Mem. in Supp. of Mot. 2). Personal service would take up to two months, and Swiss authorities may still refuse to effect service, as this matter could be construed as not being a "civil or commercial matter." (Pl.'s Mem. in Supp. of Mot. 3).

Federal Rule of Civil Procedure 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Several courts considering this issue have held that service by e-mail is appropriate where a country has asserted an objection under Article 10 of the Hague Convention.[2] *Sulzer Mixpac Ag v. Medenstar Indus. Co.*, No. 15 Civ. 1668(JSR), 2015 WL 7687467 (S.D.N.Y. Nov. 2, 2015); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-

---

[1] The SEC made an identical motion as to David Craven in *Securities & Exchange Commission v. Craven*, Case No. 1:15-mc-00003-GNS.

[2] While one court has disallowed service by e-mail to a party in Switzerland (*Elobied v. Baylock*, 299 F.R.D. 105 (E.D. Pa. 2014)), the trend is clearly toward an interpretation of Article 10 that e-mail is not construed as a "postal channel[]."

CIV, 2015 WL 5320947 (S.D. Fla. Sept. 14, 2015); *United States v. Besneli*, No. 14 Civ. 7339(JFK), 2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015); *Smith v. Wolf Performance Ammunition*, No. 2:13-cv-02223-JCM-NJK, 2015 WL 315891 (D. Nev. Jan. 23, 2015); *Microsoft Corp. v. Does 1-18*, No. 1:13cv139 (LMB/TCB), 2014 WL 1338677 (E.D. Va. Apr. 2, 2014); *Fed. Trade Comm'n v. Pecon Software Ltd.*, Nos. 12 Civ. 7186(PAE), 12 Civ. 7188(PAE), 12 Civ. 7191(PAE), 12 Civ. 7192(PAE), 12 Civ. 7195(PAE), 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013); *Lexmark Int'l, Inc. v. Ink Tech. Printer Supplies, LLC*, 295 F.R.D. 259 (S.D. Ohio 2013); *Harry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 2:13-CV-458, 2013 WL 1644808 (W.D. Pa. Apr. 16, 2013); *Gurung v. Malhotra*, 279 F.R.D. 215 (S.D.N.Y. 2011).

The SEC has previously communicated with Craven via e-mail and seeks to use the same e-mail address at which it has reached her previously. Because this e-mail address has been used successfully to contact Craven, there is a reasonable probability that she will receive notice in accordance with due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *United States ex rel. UXB Int'l, Inc. v. 77 Insaat & Taahhut A.S.*, No. 7:14-cv-00339, 2015 WL 4208753, at *2 (W.D. Va. July 8, 2015).

While KRS 426.720 does not explicitly authorize service via e-mail, no court has determined that such service fails to substantially comply with the statute. *See Barrister Commercial Grp. v. Steele*, No. 3:09-CV-343-S, 2010 WL 1949661, at *2 (W.D. Ky. May 13, 2010). Since strict compliance could shield Craven's property from judgment, as well as the assets of others similarly situated, the Court does not believe that the Kentucky General Assembly would intend such a result. Accordingly, KRS 426.720 is interpreted to require substantial, rather than strict compliance.

In this case, service by e-mail comports with due process and complies with the requirements of both Federal Rule of Civil Procedure 4(f)(3) and KRS 426.720. Accordingly, the Court will allow the SEC to serve notice of its judgment liens on Anna Craven via e-mail at anna1001@mail.ru.

### III.   CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that SEC's Motion for Order Authorizing Service on Individual Defendants in a Foreign Country by E-Mail (Fed. R. Civ. P. 4(f)(3)) (DN 3) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 18, 2015

cc:   counsel of record

4